**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISON**

| | |
|---|---|
| DESHAWN TERRELL, | ) CASE NO. 1:19-CV-02278-PAB |
| | ) |
| Plaintiff, | ) JUDGE PAMELA A. BARKER |
| | ) UNITED STATES DISTRICT JUDGE |
| v. | ) |
| | ) MAGISTRATE JUDGE |
| WARDEN BRANDESHAWN HARRIS, | ) CARMEN E. HENDERSON |
| | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Defendant, | ) |

## I.     Introduction

Petitioner, Deshawn Terrell, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Terrell is an Ohio inmate currently serving a 21-year to life sentence for murder and aggravated robbery after being transferred from the Cuyahoga Juvenile Court to the General Crimes Division. (ECF No. 1). At seventeen years old, Terrell and two codefendants robbed a gas station and one of Terrell's codefendants shot and killed a store clerk during the heist. (ECF No. 1). Terrell asserts one ground for relief. (ECF No. 1). This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Terrell's petition and other case-dispositive motions. Because Terrell's claim is meritless, I recommend that the Court deny his petition in its entirety and not grant him a certificate of appealability.

## II.    Relevant State Procedural History

### A.     Indictments

On August 5, 2013, Terrell was indicted for:

> One count of Aggravated Murder in violation of Ohio Rev. Code § 2903.01(B) with a firearm specification

1

One count of Aggravated Robbery in violation of Ohio Rev. Code §
2911.01(A)(1), a first-degree felony, with a firearm specification

One count of Felonious Assault in violation of Ohio Rev. Code §
2903.11(A)(2), a second-degree felony, with a firearm specification

(ECF No. 8-1, PageID #: 78-80).

On January 8, 2014, a grand jury returned an indictment charging Terrell with eighteen
additional counts including murder, kidnapping, felonious assault, tampering with evidence, and
others. (ECF No. 8-1, PageID #: 83-113). However, as discussed below, Terrell only pled to and
was sentenced for three of these counts. As such, the remaining fifteen counts in the indictment
are irrelevant to his appeal.

### B.    Conviction and Sentence

On July 16, 2015, Terrell pled no contest to one count of murder in violation of Ohio Rev.
Code § 2903.02(A) with a firearm specification and one count of aggravated robbery in violation
of Ohio Rev. Code § 2911.01(A)(1). (ECF No. 8-1, PageID #: 168). The court then found Terrell
guilty on those counts. (ECF no, 8-1, PageID #: 168). The State dismissed the remaining counts.
(ECF No. 8-1, PageID #: 168). On August 6, 2015, the court sentenced Terrell to a total of 21-
years to life in prison and five years of supervised post-release control. (ECF No. 8-1, PageID #:
169).

### C.    Direct Appeal

On appeal, Terrell raised one assignment of error:

The mandatory sentencing provision under R.C. 2929.02(B)(1) is
unconstitutional as applied in the instant matter where it requires the
trial court to impose a sentence of 15 years to life imprisonment
notwithstanding the defendant's juvenile status at the time of the
offense and the fact that he did not actually commit the murder.

2

(ECF No. 8-1, PageID #: 181). On June 23, 2016, the Eighth District Court of Appeals of Ohio affirmed the judgment of the trial court. (ECF No. 8-1, PageID #: 217).

### D.  Appeal to Ohio Supreme Court

On July 28, 2016, Terrell timely filed, through counsel, an appeal notice in the Ohio Supreme Court. (ECF No. 8-1, PageID #: 229). Terrell's memorandum in support of jurisdiction raised the following proposition of law:

> The mandatory sentencing provision under R.C. 2929.02(B)(1) is unconstitutional as applied in the instant matter where it requires the trial court to impose a sentence of 15 years to life imprisonment notwithstanding the defendant's juvenile status and his tangential role in the underlying misconduct.

(ECF No. 8-1, PageID #: 236). On November 23, 2016, the Ohio Supreme Court declined to accept jurisdiction of Terrell's appeal. (ECF No. 8-1, PageID #: 260). Terrell filed a motion for reconsideration on December 5, 2016 (ECF No. 8-1, PageID#: 262). On December 29, 2016, the Ohio Supreme Court granted Terrell's motion. (ECF No. 8-1, PageID #: 283). Finally, on January 20, 2018, the Ohio Supreme court dismissed Terrell's appeal, *sua sponte*, stating that the claim had been improvidently accepted. (ECF No. 8-1, PageID #: 285).

### E.  Appeal to the United States Supreme Court

On July 16, 2018, Terrell petitioned the United States Supreme Court for a writ of certiorari. (ECF No. 8-1, PageID #: 286). In his petition, Terrell presented the following question:

> Does the mandatory sentencing provision for the offense of felony murder under Ohio Revised Code § 299.02(B)(1) violate the Eighth and Fourteenth Amendments of the Constitution as applied to juveniles because it requires the trial court to impose a sentence of 15 years to life imprisonment notwithstanding the defendant's juvenile status or the fact that he did not actually commit the underlying murder?

(ECF No. 8-1, PageID #: 287). On October 1, 2018, the United States Supreme Court denied Terrell's petition. (ECF No. 8-1, PageID #: 370).

## III.    Federal Habeas Corpus Petition

On September 30, 2019, Terrell petitioned with counsel that this Court issue a writ of habeas corpus. (ECF No. 1). Terrell asserts one ground for relief:

> Ohio's sentencing scheme for the offense of murder is unconstitutional as applied to juvenile offenders because it bars the sentencer from considering their youth and any other factors in mitigation.

(ECF No. 1). Respondent filed the return of writ on December 27, 2019 (ECF No. 8). Terrell filed his traverse on July 13, 2020. (ECF No. 12).

## IV.    Legal Standards

### A.    Jurisdiction

District courts may entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b). A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Cuyahoga County Court of Common Pleas sentenced Terrell, and Cuyahoga County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Terrell's § 2254 petition.

### B.    Cognizable Federal Claim

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."

4

A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law . . . are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (citations omitted).

C.     **AEDPA Standard of Review**

Title 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) ("The essence of unexplained orders is that they say nothing. We think that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citations omitted). "The unreasonable application clause requires the state court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id.* (citations omitted).

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state-court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's . . . determination." *Rice v. Collins*, 546 U.S. 333, 341–42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet . . . because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id*. at 102 (citations omitted). "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents" and "goes no further." *Id*. Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

## V.    Discussion

Terrell raises a single ground for relief: that the Eighth District's decision that Ohio's sentencing scheme barring the sentencing court from considering his age when fashioning his

sentence violated the constitution and was an "unreasonable application of clearly established law and the reasoning and research underpinning it." (ECF No. at 14-15). Terrell argues that the state court's decision is an unreasonable application of Supreme Court precedent because it unreasonably refused to extend the legal principle that juveniles are fundamentally different from adults and are, therefore, less culpable for their actions. (ECF No. at 5 (citing *Roper v. Simmons*, 543 U.S. 551, 569-70 (2005), *Graham v. Florida*, 560 U.S. 48, 130 S. Ct. 2011, 176 L. Ed. 2d 825 (2010), as modified (July 6, 2010); *Miller v. Alabama*, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012); *Montgomery v. Louisiana*, 577 U.S. 190, 136 S. Ct. 718 (2016)).

In this case, the last court to review the merits of Terrell's argument was Ohio's Eighth District Court of Appeals. That court reviewed United States Supreme Court precedent and held that unlike a life sentence without parole eligibility, the mandatory 15-year to life sentence imposed on a juvenile offender under Ohio Rev. Code 2929.02(B)(1) did not violate the Eighth Amendment because after a period of time served, a defendant had the opportunity to show that he was rehabilitated and could be released into society.[1] The state appellate court declined to extend Supreme Court precedents restricting the imposition of life sentences without parole for juvenile offenders under the Eighth Amendment to Terrell's 21-year to life sentence that allowed for release on parole, as follows:

> {¶ 12} In his sole assignment of error, Terrell argues the trial court erred in failing to dismiss the charges against him, or in the alternative, to transfer his cases to the juvenile court. He contends the mandatory 15 years to life sentence set forth in R.C. 2929.02(B)(1) cannot be lawfully applied to juvenile offenders.
>
> {¶ 13} R.C. 2929.02(B)(1) states, in pertinent part, that "whoever is convicted of or pleads guilty to murder in violation of section

---

[1] The trial court sentenced Terrell to a mandatory 15 years to life imprisonment on the murder conviction, to be served consecutive to the three years on the gun specification, and consecutive to three years on the aggravated robbery conviction, for an aggregate 21-year to life prison term.

2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life." Terrell argues R.C. 2929.02(B)(1) violates the Eighth Amendment protection against cruel and unusual punishment because it precludes the court from considering mitigating factors such as his age, immaturity, neglectful childhood, and trauma he experienced as an adolescent. He relies on *Miller v. Alabama*, 567 U.S. ——, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), *Montgomery v. Louisiana*, 577 U.S. ——, 136 S.Ct. 718, 193 L.Ed.2d 599 (2016), and *State v. Long*, 138 Ohio St.3d 478, 2014–Ohio–849, 8 N.E.3d 890, to support his argument.

{¶ 14} In *Miller*, two 14–year–old offenders were convicted of murder and were sentenced to life imprisonment without the possibility of parole. The life sentences were statutorily mandated in both cases. In determining the constitutionality of the defendants' mandatory life sentences, the *Miller* court discussed a line of precedent in which the court had recognized that "children are constitutionally different from adults for purposes of sentencing." *Id*. at 2464, citing *Roper v. Simmons*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), and *Graham v. Florida*, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010).

{¶ 15} The *Miller* court observed that "[b]ecause juveniles have diminished culpability and greater prospects for reform, * * * 'they are less deserving of the most severe punishments.' " *Miller* at 2464, quoting *Graham* at 68. The court explained that children are different from adults [sic] offenders in three primary ways:

> First, children have a " 'lack of maturity and an underdeveloped sense of responsibility," ' leading to recklessness, impulsivity, and heedless risk-taking. Second, children "are more vulnerable * * * to negative influences and outside pressures," including from their family and peers; they have limited "contro[l] over their own environment" and lack the ability to extricate themselves from horrific, crime-producing settings. And third, a child's character is not as "well formed" as an adult's; his traits are "less fixed" and his actions less likely to be "evidence of irretrievabl[e] deprav[ity]."

*Miller*, 567 U.S. ——, 132 S.Ct. at 2462, 183 L.Ed.2d 407, quoting *Roper* at 570. Thus, the court continued, mandatory life sentences without the possibility of parole for juveniles

> precludes consideration of his chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences. It prevents taking into account the

9

family and home environment that surrounds him—
and from which he cannot usually extricate
himself—no matter how brutal or dysfunctional. It
neglects the circumstances of the homicide offense,
including the extent of his participation in the
conduct and the way familial and peer pressures may
have affected him. Indeed, it ignores that he might
have been charged and convicted of a lesser offense
if not for incompetencies associated with youth—for
example, his inability to deal with police officers or
prosecutors (including on a plea agreement) or his
incapacity to assist his own attorneys. *See, e.g.,
Graham*, 560 U.S. [48], 130 S.Ct. 2011, 176 L.Ed.2d
825 ("[T]he features that distinguish juveniles from
adults also put them at a significant disadvantage in
criminal proceedings"); *J.D.B. v. North Carolina*,
564 U.S. [261], 131 S.Ct. 2394, 180 L.Ed.2d 310
(2011) (discussing children's responses to
interrogation). And finally, this mandatory
punishment disregards the possibility of
rehabilitation even when the circumstances most
suggest it.

*Id*. at 2468. Based on this reasoning, the *Miller* court concluded that
"the Eighth Amendment forbids a sentencing scheme that mandates
life in prison without possibility of parole for juvenile offenders."
*Id*. at 2469.

{¶ 16} In *Long*, 138 Ohio St.3d 478, 2014–Ohio–849, 8 N.E.3d 890,
the Ohio Supreme Court followed *Miller* and held that "a court, in
exercising its discretion under R.C. 2929.03(A), must separately
consider the youth of a juvenile offender as a mitigating factor
before imposing a sentence of life without parole." *Id*. at paragraph
one of the syllabus.

{¶ 17} Terrell argues the mandatory 15 years to life sentence he
received is unlawful based on this precedent. However, Terrell's
sentence is different from the sentences at issue in *Miller, Graham*,
and *Long* because he was not sentenced to life without the
possibility of parole. Terrell is entitled to parole hearings after 21
years to determine if he has been rehabilitated to such an extent that
he may re-enter society. Indeed, rehabilitation is a legitimate goal of
penal sanctions. *Graham*, 560 U.S. at 71, 130 S.Ct. 2011, 176
L.Ed.2d 825.

{¶ 18} Furthermore, this court has refused to extend the rationale in
*Miller*, 567 U.S. ——, 132 S.Ct. 2455, 183 L.Ed.2d 407, *Graham*,
*Roper*, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1, and *Long* to

10

sentences where parole is afforded. *See e.g., State v. Hammond*, 8th Dist. Cuyahoga No. 100656, 2014–Ohio–4673; *see also State v. Zimmerman*, 2d Dist. Clark No.2015–CA–62 and 2015–CA–63, 2016–Ohio–1475.

{¶ 19} Terrell nevertheless argues the United States Supreme Court's recent decision in *Montgomery*, 577 U.S. ——, 136 S.Ct. 718, 193 L.Ed.2d 599, expanded the court's holding in *Miller* to include discretionary sentences. He claims the *Montgomery* court held that even discretionary sentences for juveniles convicted of murder are unconstitutional "unless the sentencing court explicitly concludes that the juvenile is 'irreparably corrupt' or 'permanently incorrigible.' " (Appellant's Brief p. 4, quoting *Montgomery* at 735.)

{¶ 20} However, like *Miller*, the *Montgomery* court was discussing the imposition of mandatory life sentences without parole. The decision had nothing to do with mandatory indefinite life sentences, such as the one at issue here. *Montgomery* clarified the court's holding in *Miller* by explaining that life imprisonment without parole may be justified in rare cases if the court finds the juvenile offender exhibits such depravity that rehabilitation is impossible. *Id.* at 733. Indeed, *Miller* held that before a sentencing court can impose a life sentence without parole, the juvenile defendant "must be given the opportunity to show their crime did not reflect irreparable corruption; and, if it did not, their hope for some years of life outside prison walls must be restored." *Id*. at 736–737.

{¶ 21} Despite Terrell's argument to the contrary, *Montgomery* did not expand the court's holding in *Miller*. Nor did *Miller* categorically ban life sentences without the possibility of parole for juvenile offenders. Rather the court in *Miller* concluded that based on the unique circumstances of juveniles, the Eighth Amendment requires juvenile offenders be given a " 'meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation.' " *Miller*, 567 U.S. ——, 132 S.Ct. at 2469, 183 L.Ed.2d 407, quoting *Graham*, 560 U.S. at 75, 130 S.Ct. 2011, 176 L.Ed.2d 825.

{¶ 22} Terrell's 21 years to life prison sentence affords him the opportunity to regain his freedom once he has matured and demonstrated rehabilitation. Moreover, as previously explained, we refused to extend the rationale in *Miller* to juvenile cases where the offender is afforded the possibility of parole as in *Hammond*, 8th Dist. Cuyahoga No. 100656, 2014–Ohio–4673, and we decline to do so now.

*State v. Terrell*, 8th Dist. Cuyahoga No. 103428, 2016-Ohio-4563, ¶¶ 12-22 (June 23, 2016).

11

Terrell's traverse focuses on the differences between the culpability of juveniles versus that of adults and discusses the mitigating factors that he argues that the sentencing court should have been allowed to consider. Terrell argues that "[a] sentencing scheme that permits such a scenario for a juvenile violates the Eighth and Fourteenth Amendments of the US Constitution as well as the parallel provision under Ohio's Constitution." (ECF No. at 14-15).

This Court's review considers not the merits of whether a juvenile is different from an adult, but whether the state appellate court's decision was a wholly unreasonable application of existing Supreme Court precedent. In this case, the Court finds that it was not.

First, the state appellate court's decision was not contrary to *Miller* or other Supreme Court case law. In *Miller*, the Supreme Court held that the Eighth Amendment prohibits a sentence of mandatory life in prison without possibility of parole for juvenile offenders. 567 U.S. at 479. The Court held that, before sentencing a person who was a juvenile at the time of the offense to life imprisonment without parole, the sentencing court must consider "how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." *Id*. at 480. The *Montgomery* court examined *Miller* and held that life without parole constitutes excessive punishment for all non-incorrigible juveniles because "the penological justifications for life without parole collapse in light of 'the distinctive attributes of youth.' " *Montgomery*, 577 U.S. at 208 (quoting *Miller*, 567 U.S. at 472).

Here, Terrell was not sentenced to life-imprisonment, but rather, he was sentenced to an aggregate term of 21-years to life. The Supreme Court has not held that the Eighth Amendment prohibits a juvenile from receiving a sentence that leaves him eligible for parole only very late in life or that makes his release on parole unlikely but not impossible. *See Starks v. Easterling*, 659 F. App'x 277, 280-81 (6th Cir. 2015) ("The Supreme Court has not yet explicitly held that the

12

Eighth Amendment extends to juvenile sentences that are the functional equivalent of life [without parole]."); *Bunch v. Smith*, 685 F.3d 546, 550 (6th Cir. 2012) (holding that *Miller* and its progeny do not apply to consecutive, fixed-term sentences for multiple nonhomicide offenses that may result in the functional equivalent of life without parole). In fact, the Supreme Court found in *Miller* that a "lifetime prison term with the possibility of parole" was a constitutionally acceptable alternative to a non-parolable life sentence. *Miller*, 567 U.S. at 489. Terrell will be eligible for release after 21 years' imprisonment; he will be 38 years old. "*Miller*'s holding simply does not cover a lengthy term of imprisonment that falls short of life without parole." *Atkins v. Crowell*, 945 F.3d 476, 478 (6th Cir. 2019) (citing *Starks*, 659 F. App'x at 280–81; *cf. Bunch*, 685 F.3d at 551). Accordingly, the facts of Terrell's case (the possibility of release after 21 years' imprisonment) "materially distinguish it from the facts of *Miller* (no possibility of release)." *Atkins*, 945 F.3d at 478.[2]

Moreover, the state appellate court's decision was not an "unreasonable application" of *Miller* or *Montgomery*. A state court cannot have unreasonably applied clearly established federal precedent where a habeas petitioner requires a federal court "to extend that precedent" to obtain relief. *Atkins*, 945 F.3d at 479 (quoting *White v. Woodall*, 572 U.S. 415, 426 (2014)). In *Atkins*, the Sixth Circuit Court of Appeals denied habeas relief to a petitioner who had been convicted of murder at 16 years' old and sentenced to prison for a term of 51 years to life. The Court found that there is a reasonable argument that *Miller* applies only to life-without-parole sentences, thus the state court did not act unreasonably in finding that *Miller* did not apply. *Atkins*, 945 F.3d at 479. Here, Terrell was sentenced to an aggregate term of 21-years to life. Moreover, *Montgomery* also involved the prohibition on mandatory life without parole for juvenile defenders. 577 U.S. 190.

---

[2] Terrell does not argue that his 21-year sentence is a *de facto* life sentence.

The state appellate court found that *Miller* and *Montgomery* were not applicable to Terrell's claim as they involved the imposition of mandatory life sentences without parole, rather than indefinite life sentences where parole was a possibly, such as in Terrell's case. In accordance with the reasoning in *Atkins*, this Court finds that the state court did not act unreasonably in finding that *Miller* and *Montgomery* did not apply.

The other cases cited by Terrell – *Roper* and *Graham* – similarly do not apply. *Roper* prohibits a death sentence on juvenile offenders (*Roper*, 543 U.S. at 578-579); Terrell's case involves a non-capital sentence. *Graham* prohibits a life without the possibility of parole sentence for non-homicide juvenile offenders (*Graham*, 560 U.S. at 82); Terrell received an indefinite sentence of 21 years to life sentence and is eligible for release at 38 years old. Accordingly, the state appellate court's decision that these cases did not apply to Terrell's sentence is not contrary to nor an unreasonable application of clearly established law.

The state appellate court's decision was not contrary to any clearly established Supreme Court precedent. Additionally, Terrell has not shown that the lower court's interpretation of Supreme Court precedent was unreasonable. *See Atkins*, 945 F.3d at 479. Terrell's sole ground for relief should be denied.

## VI.     Certificate of Appealability

### A.     Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

**B.      Analysis**

Terrell's sole ground for relief is meritless. If the Court accepts the foregoing recommendation, then Terrell has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue Terrell a certificate of appealability.

**VII.    Recommendation**

Terrell has presented only a meritless claim. Thus, I recommend that the Court DENY Terrell's petition and not grant him a certificate of appealability.

Dated: September 30, 2022

                                             s/ *Carmen E. Henderson*
                                             CARMEN E. HENDERSON
                                             U.S. MAGISTRATE JUDGE

_____

OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).